IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FOCUSONE SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ATLAS MEDSTAFF, LLC, and COMPLETE BUSINESS SOLUTIONS GROUP, INC., d/b/a PAR FUNDING<br><br>Defendants. | 8:19-CV-432<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion for Default Judgment, Filing 19, filed by Plaintiff, FocusOne Solutions, LLC ("FocusOne"), with respect to defendant Complete Business Solutions Group, Inc. ("CBSG"). For the reasons stated below, the motion is denied.

## BACKGROUND

The following facts are those alleged in the Complaint and unchallenged by CBSG. This is an interpleader action filed by FocusOne pursuant to 28 U.S.C. § 1335. FocusOne is a Nebraska company which provides staffing services to health care delivery organizations. Filing 1 at 1. FocusOne entered into such a staffing arrangement with a company by the name of Meridian Medical Staffing, Inc. Filing 1 at 1-2. FocusOne holds $9,553.92 that is payable pursuant to the Meridian contract. Filing 1 at 1. However, Meridian apparently assigned, sold, or otherwise transferred some or all of its accounts receivable related to the contract. Filing 1 at 2. Both defendants, CBSG and Atlas MedStaff, LLC ("Atlas"), have contacted FocusOne claiming to be entitled to the amount due under the Meridian contract. Filing 1 at 2. Atlas is a Nebraska limited liability company with its principal place of business in Omaha and a registered agent in Lincoln. Filing 1 at 2. CBSG does business as Par Funding and is a Delaware corporation with its principal

1

place of business in Philadelphia, Pennsylvania, and a registered agent in Milford, Delaware. Filing 1 at 2.

Due to Defendants' competing claims to the Meridian contract money, FocusOne filed the present interpleader action. Atlas filed an answer, claiming it is entitled to the disputed funds. Filing 11. FocusOne served CBSG with summons via certified mail to its registered office as permitted under Fed. R. Civ. P. 4(h)(1)(A) and Neb. Rev. Stat. § 25-509.01 (Reissue 2016). Filing 10. CBSG did not answer or otherwise respond to the Complaint and on November 18, 2019, the Clerk entered default against CBSG under Fed R. Civ. P. 55(a). Filing 16. The following day, FocusOne moved for default judgment against CBSG under Fed. R. Civ. P. 55(b), seeking to preclude CBSG from later contesting the allegations in the Complaint, including any attorney fees that FocusOne may negotiate or be awarded upon resolution of the case. Filing 19 at 1-2.

## DISCUSSION

It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true . . . ." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Therefore, "it is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852-53 (quoting *Murray*, 595 F.3d at 871).

Reviewing FocusOne's pleadings and allegations, the Court determines the amount in question must be deposited with the Court before the Court enters default judgment against CBSG.

"Federal statutory interpleader allows a party holding money or property to join the various parties asserting mutually exclusive claims, thereby avoiding the threat of multiple liability or multiple lawsuits." *Acuity v. Rex, LLC*, 929 F.3d 995, 1000 (8th Cir. 2019) (citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976)). "A district court has jurisdiction over a statutory interpleader claim if there are adverse claimants to money or property worth at least $500 and diverse citizenship between at least two of the adverse claimants." *Id.* (citing 28 U.S.C. § 1335(a)). "In addition, the plaintiff *must* deposit the money or property in the registry of the district court." *Id.* (emphasis added) (citing 28 U.S.C. § 1335(a)).

FocusOne has alleged it holds $9,553.92 and that Atlas is a citizen of Nebraska and CBSG is a citizen of citizen of Delaware and Pennsylvania, thus establishing the first two prongs of an interpleader action. However, FocusOne did not move to deposit the disputed money into the court's registry as required by 28 U.S.C. § 1335(a) and did not deposit the same into the court prior to seeking a default judgment. This is a necessary element of an interpleader action and the failure to deposit the money deprives this Court of subject-matter jurisdiction to issue a default judgment. *See Acuity*, 929 F.3d at 1000 (finding "subject-matter jurisdiction is lacking because [the plaintiff] did not deposit the disputed amount into the court's registry"). Furthermore, FocusOne alleges it may receive or may have already received additional funds payable under the Meridian contract. Filing 1 at 4 (referencing "funds under the Meridian Contract Plaintiff may have received or may hereafter receive"). Thus, the total amount FocusOne seeks to deposit with the court is unclear at this time. FocusOne is instructed to make a motion to deposit the disputed funds into the registry of the Court specifying the exact amount it seeks to deposit pursuant to Fed. R. Civ. P. 67 and NECivR 67.1. Once FocusOne has complied with the requirement of depositing the disputed funds into the court's registry, it can renew its motion for default judgment. Accordingly,

3

IT IS ORDERED:

1. The Plaintiff is given fourteen (14) days to seek leave of the Court to deposit the disputed funds and is ordered to specify in such motion the exact amount it seeks to deposit;

2. The Motion for Default Judgment against defendant Complete Business Solutions Group, Inc., Filing 19, is denied without prejudice to reassertion once subject-matter jurisdiction is established by depositing the disputed amount with the registry of the Court.

Dated this 17th day of December, 2019.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge