IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FOCUSONE SOLUTIONS, LLC,

    Plaintiff,

vs.

ATLAS MEDSTAFF, LLC, and COMPLETE BUSINESS SOLUTIONS GROUP, INC., d/b/a PAR FUNDING

    Defendants.

8:19-CV-432

MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Default Decree (Filing 45) filed by Plaintiff, FocusOne Solutions, LLC ("FocusOne") and Defendant, Atlas Medstaff, LLC ("Atlas"), with respect to defendant Complete Business Solutions Group, Inc. ("CBSG"). For the reasons stated below, the motion is granted.

## I. BACKGROUND

The following facts are those alleged in the Complaint and unchallenged by CBSG. This is an interpleader action filed by FocusOne pursuant to 28 U.S.C. § 1335. Filing 1 at 3. FocusOne is a Nebraska company which provides staffing services to healthcare delivery organizations. Filing 1 at 1. FocusOne entered into such a staffing arrangement with a company by the name of Meridian Medical Staffing, Inc. Filing 1 at 1-2. FocusOne at that time held $9,553.92 that was payable pursuant to the terms of the Meridian contract. Filing 1 at 1. The Complaint noted that FocusOne may receive additional funds payable under the Meridian contract that it would seek to interplead as well. Filing 1 at 4 (referencing "funds under the Meridian Contract Plaintiff may have received or may hereafter receive"). Meridian apparently assigned, sold, or otherwise transferred some or all of its accounts receivable related to the contract. Filing 1 at 2.

Both defendants, CBSG and Atlas, contacted FocusOne claiming to be entitled to the amounts due under the Meridian contract. Filing 1 at 2. Atlas is a Nebraska limited liability

1

company with its principal place of business in Omaha and a registered agent in Lincoln. Filing 1 at 2. CBSG does business as Par Funding and is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania, and a registered agent in Milford, Delaware. Filing 1 at 2.

Due to Defendants' competing claims to the Meridian contract money, FocusOne filed the present interpleader action. Atlas filed an answer, claiming it is entitled to the disputed funds and that no other party is entitled to those funds. Filing 11. FocusOne served CBSG with summons via certified mail to its registered office as permitted under Federal Rule of Civil Procedure 4(h)(1)(A) and Neb. Rev. Stat. § 25-509.01 (Reissue 2016). Filing 10. CBSG did not answer or otherwise respond to the Complaint, and on November 18, 2019, the Clerk entered default against CBSG under Federal Rule of Civil Procedure 55(a). Filing 16. On July 7, 2020, FocusOne moved for leave to deposit the entirety of the disputed funds in the amount of $13,884.63 ("the funds") into the Court's registry with Atlas's consent. Filing 42.[1] The Court granted the motion (Filing 43), and FocusOne deposited the funds into the Court's registry on July 13, 2020. Filing 44. FocusOne and Atlas then filed the present Motion for Default Decree. Filing 45. To date, the docket shows CBSG has not entered an appearance, filed an answer, or in any other way participated in the proceedings.

## II. DISCUSSION

It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true . . . ." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also* Fed. R. Civ. P.

---

[1] In the parties' Motion for Default Decree (Filing 45), they claim "the Plaintiff deposited the sum of $14,884.63 with the Clerk of the Court." Filing 45 at 2. However, the Interpleader Deposit Received receipt illustrates that $13,884.63 was actually interpleaded. Filing 44. The proposed Decree likewise references $13,884.63. Filing 45 at 4. The Court is convinced that $13,884.63 was deposited, and the $14,884.63 referenced in Filing 44 was a typographical error.

8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Therefore, "it is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53 (quoting *Murray*, 595 F.3d at 871).

Having examined the Complaint (Filing 1) and Atlas's Answer (Filing 11), the Court finds that they state a legitimate cause of action against CBSG. Specifically, the Complaint alleges both CBSG and Atlas previously contacted FocusOne claiming to be entitled to the disputed funds, justifying the filing of this action. Filing 1 at 2. Atlas's Answer alleges it is entitled to the disputed funds. Filing 11. CBSG has not participated in this case and has abandoned any claim for the monies by failing to file a response in this case. Thus, taking the factual allegations in the Complaint as true, *Murray*, 595 F.3d at 871, the Court is satisfied that Atlas is entitled to the funds given CBSG has failed to answer or otherwise respond to make a claim for the amounts at issue.

### III. CONCLUSION

For the foregoing reasons, the Court will grant the Motion for Default Decree (Filing 45).

IT IS ORDERED:

1. The Court grants the Motion for Default Decree (Filing 45) filed by Plaintiff and defendant Atlas Medstaff, LLC;

2. The Clerk of Court shall release the previously deposited $13,884.63 plus any interest accrued and prepare a check for that amount, payable to Atlas MedStaff, LLC, 11159 Mill Valley Road, Omaha, NE 68154;

3. Atlas Medstaff, LLC is ordered to complete an Internal Revenue Service Form W-9 and submit the completed form via e-mail to the Clerk of Court;

4. Upon receipt of such Form W-9, the Clerk of Court shall mail the prepared check for said funds to Atlas MedStaff, LLC, 11159 Mill Valley Road, Omaha, NE 68154;

5. Complete Business Solutions Group, Inc. is barred from (a) objecting to the deposit by Plaintiff of the sum of $13,884.63 into the Court's registry on July 13, 2020; (b) making any claim to the $13,884.63 deposited with the Clerk of Court; (c) making any claim against Plaintiff or defendant Atlas MedStaff LLC on account of the "Meridian Contract" defined in the Complaint herein or any related monies originally owed by Plaintiff on account of services provided by Meridian Medical Staffing, Inc., pursuant to the Meridian Contract; and (d) instituting any action against Plaintiff for recovery of the funds described in the Complaint, the Meridian Contract, or any part thereof or any remedy (whether legal, equitable, or of any other nature) requiring any payment from Plaintiff on account of funds interpleaded herein or such Meridian Contract;

6. Plaintiff is released and discharged from any further liability to Complete Business Solutions Group, Inc., and from any further liability to Atlas Medstaff, LLC, with respect to the subject matter of this action, including but not limited to any liability on account of handling any funds under the Meridian Contract;

7. Plaintiff is hereby declared to be entitled to an attorney fee of $520.00 which has been previously paid to the Plaintiff; and

8. A separate judgment will be entered.

Dated this 1st day of September, 2020.

BY THE COURT:

_____
Brian C. Buescher

4

United States District Judge